# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ADOLFO HERNANDEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>JOE ARPAIO, CAPTAIN PETERSON,<br><br>    Defendants. | CIV 05-02826 PHX EHC MEA<br><br>REPORT AND RECOMMENDATION<br>FOR DISMISSAL<br>WITHOUT PREJUDICE |

**TO THE HONORABLE EARL H. CARROLL:**

        Plaintiff filed his complaint on September 15, 2005. On January 26, 2006, the Court ordered Plaintiff to complete and return a service packet for Defendants to the Court by February 15, 2006. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure. Plaintiff has not returned a service packet to the Court for Defendants.

        Plaintiff was warned that his failure to acquire a waiver of service from Defendants or to complete service of process on Defendants within 120 days of the date that he filed his complaint, by March 27, 2006, would result in the dismissal of the complaint pursuant to Rule 4(m), Federal Rules of Civil Procedure, and Rule 16.2(b)(2)(B), of the United States District

Court for the District of Arizona Local Rules of Civil Procedure. The civil docket in this matter indicates that Plaintiff has failed to acquire a waiver of service from Defendants or to complete service of process on Defendants.

On July 19, 2006, the Court allowed Plaintiff until August 25, 2006, to show cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's order of January 26, 2006, and Plaintiff's failure to effect service of process on Defendants as required by the Court's order of January 26, 2006, and Rule 4, Federal Rules of Civil Procedure. Plaintiff has failed to show cause for his failure to abide by the Court's orders and to effect service of process on Defendants. The Order to Show Cause sent to Plaintiff at his last known address was not returned as undeliverable; Plaintiff did receive notice of the Court's intent to dismiss this matter. Plaintiff has failed to show cause for his failure to abide by the Court's orders and to effect service of process on Defendants.

**THEREFORE**, **IT IS RECOMMENDED that** this case be dismissed for Plaintiff's failure to serve the Defendants in this matter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 31st day of October, 2006.

_____
Mark E. Aspey
United States Magistrate Judge

.